### ERNEST v. CANARY.

No. 18410.    Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 29, 1929.

C. J. Sloop and Montgomery & Kirk, for plaintiff in error.

Campbell & Ray, for defendant in error.

REID, C. J. D. Canary and Anola J. Canary Ernest had once been husband and wife, but were divorced at the times hereafter mentioned. Their son, James H. Canary, died on the 11th day of October, 1918. Upon petition of J. C. Canary he was appointed administrator of the son's estate by the county court of Washington county, and duly qualified as such. In due course the administrator filed an inventory and appraisement of the property of the estate, whereupon Anola J. Canary Ernest, as mother of the decedent, and on such ground claiming as heir an interest in the property of said estate, filed exceptions and objections to the inventory and appraisement, contended that the same did not include all the property of the decedent, and asked the court to compel the administrator to fully disclose the nature and extent of said estate, account therefor, and file an additional and supplementary inventory of property not included in the inventory filed.

On the 20th day of May, 1924, the then regular county judge filed his disqualification to sit in the cause. Next we find in the record a stipulation dated November 24, 1925, signed by counsel for the contestant and the administrator, as follows:

"Whereas, on May 20, 1924, the Honorable Robert D. Waddill, the then judge of the county court in and for Washington county, Okla., filed in the above-entitled cause his general disqualification to hear and determine the same, and,

"Whereas, it was at said time agreed by and between the counsel for the administrator and for the objector in said action that John M. Holliman, a duly licensed and practicing attorney of the bar of Oklahoma, and located in Washington county, Okla., should sit and act as special judge in this cause and hear and determine the questions involved and to be tried herein to the same purpose and effect as if tried by the regular judge of said county, and

"Whereas, on the said 20th day of May, 1924, and subsequent thereto, a trial of the contest of the general inventory filed by said administrator was had and held before the said John M. Holliman, special judge, and the said special judge has failed to render a decision in said cause, and the term at which the said hearing was had has long since passed and the parties to said cause are desirous that an opinion should be rendered by said special judge;

"It is, therefore, stipulated and agreed between the counsel for the administrator and counsel for the objector herein that the said John M. Holliman shall continue in this cause and until final disposition is made of the contest herein, and that a decision hereafter rendered by said special judge in this cause shall have the same force and effect as though rendered during the term at which said hearing was had."

Upon the foregoing stipulation, T. H. Reeve, Jr., the then county judge, made an order in the case reciting the preliminary facts as stated in the stipulation, and:

"It is, therefore, ordered that said appointment continue in force and effect until a decision has been rendered in this cause by said special judge and until a final determination of the issues herein."

On December 5, 1925, the special judge entered his findings of fact and conclusions of law, which, in effect, was an order denying the exceptions to the inventory. The contestant gave a proper notice of appeal to the district court and in due time filed an appeal bond approved by the special judge.

In the district court, motion to dismiss the appeal was filed by the administrator on the ground that the special judge had no power to fix the amount of the appeal bond and to approve the sureties thereon, and thereby confer jurisdiction on the district court. The district court dismissed the appeal, from which order dismissing the appeal, the contestant, Anola J. Canary Ernest, has appealed to this court.

The pertinent part of article 7, section 12, of the Constitution is as follows:

"When the county judge is disqualified in any case pending in the county court, a judge pro tempore may be selected in the manner provided for the selection of judges pro tempore in the district court."

And that part of article 7, section 9, relating to the selection by agreement of the parties of a district judge is as follows:

"In the event any judge shall be disqualified for any reason from trying any case in his district, the parties to such case may agree upon a judge pro tempore to try the same. * * *"

And section 2630, C. O. S. 1921, seems to have been enacted by the Legislature in accordance with the foregoing provisions of the Constitution.

Section 1415, C. O. S. 1921, as amended by S. L. 1923-24, ch. 115, is as follows:

"The appeal bond shall be in such sum as the county court shall require and deem sufficient, with at least two sufficient sureties to be approved by the judge, conditioned that the appellant will prosecute his

appeal with due diligence to a determination, and will abide, fulfill and perform whatever judgment, decree or order may be rendered against him in that proceeding by the district court, and that he will pay all damages which the opposite party may sustain by reason of such appeal, together with all cost that may be adjudged against him; an such appeal bond shall stand in lieu of the cost bond and the cost deposit required in section 764 of the Compiled Statutes of Oklahoma 1921, and the court clerk shall not require either cost bond or cost deposit in such appeal cases."

It will be seen that the amount of the bond is not to be determined by a fixed standard as shown by an affidavit or other paper filed in the case, nor by the amount of liability as fixed by judgment, order or decree against the appellant, but in such amount as the court shall deem sufficient. This is persuasive that it was intended that the court or judge who had heard the matter should fix the bond. The sufficiency of the sureties guaranteeing the bond is to be approved "by the judge," evidently meaning the judge of the county court which has fixed the amount of the bond.

Section 3178, C. O. S. 1921, designates times at which the county court shall convene, but with this further:

"Provided, that said court shall always be open and in session for the transaction of all probate business in their respective counties."

It is therefore seen that, in a probate proceeding, the county court is always open for business. It is not claimed that the decree entered by the special judge was made at a time when he had not the power to act under the stipulation, and this is supported by the foregoing statute, as no intervening term of the court could affect his power to retain jurisdiction of the matter.

We have not been referred to any case involving the exact question here presented and have found nothing which can be held as controlling authority. It is not strictly a general principle of law which we are called upon to apply here, but the application of constitutional and statutory provisions to be construed in connection with the stipulation filed by the parties to the controversy.

The stipulation provided that the special judge should continue in the cause "until final disposition is made of the contest herein."

As to that particular cause, he was the county judge for all purposes and for the performance of all judicial acts relating to

that matter as long as it remained in that court. The cause was still in that court when the amount of the bond was fixed and approved by him, and such act came within his duty under the spirit of the Constitution and the statute, and was comprehended by the terms of the stipulation.

It is our conclusion that the court erred in dismissing the appeal, and the case is therefore reversed and remanded with directions to reinstate the appeal and proceed with the hearing thereon.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judges," 33 C. J. §229, p. 1035, n. 64, 67.